UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81045-CIV-MARRA/JOHNSON

DARIO JELENCOVICH,

      Plaintiff,

vs.

DODGE ENTERPRISES, INC.,

      Defendant.

_____/

## ORDER AND OPINION ON MOTION FOR JUDGMENT ON THE PLEADINGS

      **THIS CAUSE** is before the Court upon Defendant, Dodge Enterprises, Inc.'s

("Defendant") Motion for Judgment on the Pleadings or in the Alternative for Summary

Judgment (DE 14), filed August 31, 2009.  Plaintiff Dario Jelencovich ("Plaintiff") filed a

response to the motion (DE 17) and Defendant filed a reply (DE 18).  The Court has carefully

reviewed the motion, response, and reply, and is otherwise fully advised in the premises.

## Background

      On July 17, 2009, Plaintiff filed his Complaint against Defendant (DE 1), which was

replaced on August 20, 2009 by a First Amended Complaint (DE 11).  Plaintiff brings suit

alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, *et*

*seq.* (Counts I and II), and violation of the Florida Consumer Collection Practices Act

("FCCPA"), Fla. Stat. § 559.55, *et seq.* (Count III).  The facts, as alleged in the Amended

Complaint, are as follows:

      Defendant sought to collect an alleged debt from Plaintiff arising from a judgment related

to a Chase Manhattan Bank credit card debt, which was used by Plaintiff for personal, family, or

household purposes.  Compl. ¶ 10; DE 11, Exh. A.  The alleged debt was reduced to a judgment

in the State of Florida on or about December 11, 2000. Comp. ¶ 11.  On May 18, 2009,

Defendant, though its attorneys, sent Plaintiff a written request for payment in the amount of

$6,761.47 dollars. Comp. ¶ 13; DE 11, Exh. B.  The written request states, in pertinent part:

> The Final Judgment entered against you gives our above named client
> certain legal remedies against your property, including garnishment of your wages
> or bank account.

Comp. ¶ 15.

Plaintiff alleges that the May 18, 2009 correspondence would be deceptive to the least

sophisticated consumer as it fails to reference that Defendant has the right to claim certain legal

exemptions provided by Florida law. Comp. ¶ 16.  Plaintiff claims that the correspondence

threatened to take an action that cannot legally be taken or is not intended to be taken, in

violation of 15 U.S.C. § 1692e(5). Comp. ¶ 22.  Plaintiff also claims that the correspondence

violated 15 U.S.C. § 1692e(10), as the statement would be deceptive or misleading to the least

sophisticated consumer with respect to his legal rights and exemptions under Florida law. Comp

¶ 24.  Finally, Plaintiff claims that the correspondence violates Fla. Stat. § 559.72(9), which

states that it is a violation for a debt collector to "[c]laim, attempt, or threaten to enforce a debt

when such person knows that the debt is not legitimate or assert the existence of some other legal

right when such person knows that the right does not exist." Comp. ¶ 26-27.

Defendant argues in its motion for judgment on the pleadings that the correspondence

was an accurate portrayal of the actions taken by its attorneys.  Moreover, Defendant asserts that,

as a matter of law, there is no requirement that a judgment creditor advise a debtor of their

exemption rights.  Thus, Defendant argues, Plaintiff fails to allege any wrongdoing by Defendant.

**Standard of Review**

"Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega .v Christian, 85 F.3d 1521, 1524 (11th Cir. 1996) citing Fed.R.Civ.P. 12(c). The Court must assume that all facts in the complaint are true and view those facts in a light most favorable to the non-moving party. See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). The Court may not enter judgment on the pleadings unless the allegations in the complaint contain "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

Fed. R. Civ. P. 10(c) provides, in part, as follows: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." A document attached to the complaint or answer may be considered as part of the pleadings for Rule 12(c) purposes, so long as the document is central to a claim and its authenticity is undisputed. Horsley v. Feldt, 304 F.3d 1125, 1134-35 (11th Cir. 2002).

**Discussion**

In evaluating whether language is deceptive under the FDCPA, a court applies an objective standard to the language's tendency " 'to mislead the least sophisticated' " consumer, in order to give effect to the FDCPA's purpose of protecting consumers. Jeter v. Credit Bureau, 760 F.2d 1168, 1175 (11th Cir. 1985) (quoting Wright v. Credit Bureau of Ga., Inc., 548 F.Supp. 591, 599 (N.D. Ga. 1982)). Courts may assume, however, that the least sophisticated consumer will "possess a rudimentary amount of information about the world" and will not make "unreasonable misinterpretations." Rivera v. Amalgamated Debt Collection Servs., 462 F.Supp.2d 1223, 1227

(S.D. Fla. 2006) (quotations omitted).  In order to prevail on an FDCPA claim, Plaintiff must

demonstrate by a preponderance of the evidence that: (1) he was the object of collection activity

arising from consumer debt; (2) Defendants are "debt collectors" as defined by the FDCPA; and

(3) Defendants have engaged in an act or omission prohibited by the FDCPA. McCorriston v.

L.W.T., Inc., 2008 WL 3243865, *2 (M.D. Fla. 2008).  Defendant does not challenge that

Plaintiff has met the first two prongs of the statute.  Thus, the only issue before this Court is

whether Defendant's acts constitute violations of the FDCPA.

In Count I, "Threat to Take Unlawful Action (FDCPA)," Plaintiff alleges that, through

the correspondence in question, Defendant threatened to take an action that cannot legally be

taken, in violation of the FDCPA.  See Comp. ¶ 22.  15 U.S.C. § 1692e(5) provides that it is a

violation of the FDCPA for a debt collector to make a "threat to take any action that cannot

legally be taken or that is not intended to be taken." See McCorriston, 2008 WL 3243865 at *6.

In Count II, "Deceptive or Misleading Correspondence (FDCPA)," Plaintiff alleges that, through

the subject correspondence, Defendant made statements which would be deceptive or misleading

to the least sophisticated consumer, in violation of the FDCPA.  See Comp. ¶ 24.  Section

1692e(5) of Title 15 of the United States Code provides that it is a violation of the FDCPA for a

debt collector to make "use of any false representation or deceptive means to collect or attempt to

collect any debt or to obtain information concerning a consumer."  In Count III, "Declaratory

Relief and Permanent Injunction (FCCPA)," Plaintiff seeks injunctive relief[1] for alleged violation

of the Florida Consumer Collections Practices Act, Section 559.72(9) (the "FCCPA").  For its

---

[1] The State of Florida has granted specific statutory authority for a plaintiff to seek injunctive relief under the FCCPA. Berg v. Merchants Ass'n Collection Div., Inc., 586 F.Supp.2d 1336, 1348 (S.D. Fla. 2008), citing Fla. Stat. § 559.77(2).

part, the FCCPA prohibits persons, in collecting consumer debts, from "claim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate or assert[ing] the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

Here, the correspondence states, in pertinent part:

> The Final Judgment entered against you gives our above named client certain legal remedies against your property, including garnishment of your wages or bank account.

Under Florida law, judgment creditors, such as Defendant in this case, have the power to garnish wages and bank accounts.  See Fla. Stat. § 77.01 et seq.  The judgment debtor must assert defensively any exemption(s) that may apply to such actions and the applicability of any such exemptions are then determined by a court following an evidentiary hearing. See Fla. Stat. §§ 222.061, 222.12.  "The burden is on the debtor to prove entitlement to any exemption." Pellegrino v. Koeckritz Development of Boca Raton, LLC, 2009 WL 1437813, *3 (S.D. Fla. 2009), citing In re Harrison, 216 B.R. 451, 453 (S.D. Fla. 1997); In re Parker, 147 B.R. 810 (M.D. Fla.1992); Brock v. Westport Recovery Corp., 832 So.2d 209, 211 (Fla. 4th DCA 2002).

An examination of Defendant's correspondence to Plaintiff demonstrates that Defendant makes no false claim. See Pescatrice v. National Action Financial Services, Inc. 2006, U.S. Dist. Lexis 76807, *18 (holding that there was no violation of 1692e where the letters to plaintiff made settlement offers which contained no false claims and merely extended a new settlement offer at the expiration of the previous one).  Nor does the correspondence convey a threat prohibited by the FDCPA or the FCCPA.  Rather, the correspondence is an accurate portrayal of well-established Florida law, as set forth above.  Plaintiff's reliance upon Seabrook v. Onondaga Bureau of Medical Economics, Inc., 705 F.Supp. 81 (N.D.N.Y. 1989), Cacace v. Lucas, 775

F.Supp. 502 (D. Conn. 1990), and <u>Oglesby v. Rotche</u>, 1993 WL 460841 (N.D. Ill. 1993) is

misplaced.  In <u>Seabrook</u>, the court ruled that a letter threatening garnishment violated the

FDCPA because the letter failed to accurately reflect the state of New York garnishment law.

The letter stated that the creditor could garnish 10% of the debtor's wages.  However, under New

York law, that figure depended on the amount of the debtor's earnings, and the letter failed to

establish that the creditor knew the amount of the debtor's earnings. <u>See</u> 705 F.Supp. at 85.  In

<u>Cacace</u>, the court found that a letter stating litigation could result in seizure of bank accounts was

deceptive because the <u>commencement</u> of litigation itself cannot effectuate the remedies stated in

the letter.  Finally, in <u>Oglesby</u>, the court found a <u>pre-suit</u> letter threatening "attachment and

garnishment of <u>all</u> wages, property, and other financial assets" to be misleading because it

ignored the fact that the debtor may have a legitimate defense to the debt itself and it

misrepresented the breath of the garnishment and attachment statutes.  Here, a judgment had

already been entered against Plaintiff and the legal remedies afforded to judgment creditors were

available to Defendant.

A judgment creditor properly asserting its rights to garnishment cannot know whether any

exemption applies to the particular judgment debtor unless and until such exemptions are raised

defensively by the judgment debtor.  In fact, under the provisions of Fla. Stat. § 77.041, the Clerk

of Court has to attach a notice to writs of garnishment along with a "Claim of Exemption and

Request for Hearing" form. Fla. Stat. § 77.041(1).  This form contains eleven authorized

exemptions for the person's identification by way of marking the relevant ones, along with a

space to list "[o]ther exemptions as provided by law," indicating the need to explain any such

applicability.  Thus, the Florida legislature has proscribed a means by which the judgment debtor

will be informed of possible exemptions and the procedure by which to assert them.  To hold

otherwise would require <u>every</u> judgment creditor to advise <u>all</u> debtors of <u>all</u> possible exemptions recognized by the law which might prevent enforcement of the judgment.  The Court rejects this proposition.  Accordingly, Defendant is entitled to an entry of judgment on the pleadings.

**<u>Conclusion</u>**

For the reasons stated herein, Defendant's Motion for Judgment on the Pleadings (DE 14) is GRANTED.  A separate final judgment shall follow.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of December, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record